CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 09 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REGINALD LEON EDWARDS,<br><br>*Defendant* | CRIMINAL NO. 6:07cr00014<br><br>ORDER and OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Reconsider Request for Continuance, filed on May 8, 2007 (docket entry no. 29). Defendant was charged in a four-count indictment with conspiracy to distribute and to possess with the intent to distribute cocaine, possession with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. Trial is set for May 15, 2007.

Several of Defendant's reasons for requesting that I reconsider my decision to deny his earlier-filed motion to continue duplicate those reasons he stated in that earlier motion: that "this is the first request for a continuance," that "the defendant has signed a waiver under the Speedy Trial Act,"[1] and that "the government ... has stated no objection" to a continuance.

The only additional bases Defendant gives for his request are that he received "partial discovery" from the Government on May 3, that he received "a second group of discovery" on May 8, that settlement negotiations are ongoing and Defendant has not yet had a chance to meet with the Government due to "time constraints of the parties," that the indictment against Defendant is "of a serious nature and due process requires that he be provided an adequate time

---

[1] As I earlier held in this case, the attempted waiver of time constraints imposed by the Speedy Trial Act by Defendant is ineffective. (*See* Order, May 3, 2007)

- 1 -

to prepare his defense," and that "he has not had adequate time to develop his defense."

It appears from Defendant's motion that he seeks to rely on one of the four non-exhaustive factors provided by the Speedy Trial Act for a court to consider when ruling on a motion to continue. The Speedy Trial Act allows a trial court to continue a trial under the ends-of-justice provision, *see* 18 U.S.C.A. § 3161(h)(8)(A) (2007), if the Defendant has been denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," *see id.* § 3161(h)(8)(B)(iv).

Although Defendant states that he only recently received discovery material from the Government, there is nothing in the record to suggest that this material is voluminous or so complex that Defendant should be granted a continuance. Although I can appreciate Defendant's apparent desire to work out a settlement with the Government, "time constraints" in getting together with the Government to negotiate a possible plea agreement is not a sufficient basis for granting a continuance in this case. And I agree that due process requires that Defendant be provided an adequate time to prepare his defense, but, again, there is nothing before the Court now to suggest that he has not had an adequate time to prepare his defense, taking into account the exercise of due diligence. Additionally, although Defendant claims that the charges in the indictment are of a "serious nature," there is nothing to suggest that this case is so complicated that a continuance would be warranted.

In sum, Defendant's reasons, even when taken together, are not enough for me to find that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A).

For the foregoing reasons, Defendant's motion is hereby DENIED.

It is so ORDERED.

- 2 -

Case 6:07-cr-00014-NKM Document 30 Filed 05/09/07 Page 2 of 3 Pageid#: 55

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *Norman K. Moon*
United States District Judge

5/9/2007
Date